UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CIVIL ACTION |
| VERSUS | |
| A KINGDOM CONNECTION CHANGING LIVES | NO. 22-00862-BAJ-SDJ |

### RULING AND ORDER

Before the Court is the United States' **Motion To Amend Default Judgment (Doc. 12, the "Motion")** against Defendant A Kingdom Connection Changing Lives (Kingdom). The Motion is unopposed. For the reasons that follow, the Motion will be granted in part.

I. BACKGROUND

The United States alleges that in October 2016, the Small Business Administration (SBA) provided a loan in the amount of $18,100.00 to Kingdom. (Doc. 1 ¶ 5). Under the Note's terms, nine months after receiving the loan, Defendant was to begin monthly payments in the amount of $102.00, with interest accruing at 2.625% per annum. (*Id.* ¶ 6). On January 10, 2017, the loan was modified to increase the loan amount to $26,300.00 and the monthly payment to $148.00, effective July 25, 2017. (*Id.* ¶ 7).

Defendant failed to make any payments, which resulted in a default under the Note's terms and conditions. (*Id.* ¶ 8). On November 2, 2022, the United States sued Defendant for breach of the loan contract, (*id.* ¶ 10), and Defendant did not file an

answer.

In January 2023, the United States moved for a Clerk's entry of default, which was entered against Defendant pursuant to Federal Rule of Civil Procedure 55(a). (Docs. 6, 7). In November 2023, the Court granted the United States' Motion for Default Judgment pursuant to Rule 55(b)(2) and entered a Judgment. (Docs. 9, 10).

The Court did not, however, award damages. The Court found that the United States' request for damages was insufficient because the memorandum in support of the Motion for Default Judgment "contain[ed] no argument in support of damages whatsoever," (Doc. 9 at 6), and the Court was unable to "mathematically calculate damages" based on "detailed affidavits establishing the necessary facts" as required by the Rule and the U.S. Court of Appeals for the Fifth Circuit. (Doc. 9 at 6 (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)). Despite this, the Court allowed the United States to file a separate motion to establish damages. (*Id.* at 7). In particular, the Court noted its concern with the United States' proposed damages sum of $10,003.61 in administrative costs, which was unexplained and represented "more than one third the value of Defendant's defaulted loan." (*Id.*).

The United States duly filed the present Motion, and now seeks $37,942.27 in total, which includes the original loan and negotiated increase—$26,300.00, pre-judgment interest per the Note—$2,992.58, collection costs—$2,003.50, late-payment penalty—$7,890.00, less payments—$3,000.00. (*Id.*). The United States also seeks costs in the amount of $402.00. (*Id.*).

The Motion also attempts to explain the Government's request for

Administrative Costs. Initially, the United States requested $10,003.61, but after communicating with the SBA, counsel for the United States now represents that the request for Administrative Costs "is reduced to $9,201.20." (*Id.* at 4). Those costs are calculated as follows:

In February 2019, the SBA referred the debt to the Department of Treasury Bureau of the Fiscal Service for administrative debt collection pursuant to the Debt Collection Improvement Act of 1996, 31 U.S.C. 3701, *et seq.* (*Id.*). When no payment was made in response to a demand letter, "the debt was referred to two private collection agencies under contract with Fiscal Services." (*Id.*). Those collections agencies undertook to collect the debt between September 2018 and May 2022.

The first collections agency was Performant Recovery, Inc.

> In April 2019, Performant negotiated an agreement with Defendant wherein Defendant would make a down payment of $3,500 on May 30, 2019, and then make two monthly payments of $7,500 on June 30th and July 30th. On June 26, 2019, Performant received a payment of $3,000. The Defendant's account was credited $2,307.70 towards principal and interest and $692.30 for costs of collection owed to Performant. No other payments were made by Defendant. Between June 2019 and September 2019 Performant assessed an additional $32.52 in collection fees.

(*Id.* at 5).

In October 2018, the Fiscal Services referred the debt to Pioneer Credit Recovery, Inc., which assessed fees in the amount of $2,166.44. (*Id.*). "Fiscal Services assessed a charge of $2,003.34 to Defendant's balance to recover a portion of the collection fees." (*Id.*). "Defendant received a credit of $692.30 as part of the June 26, 2019, payment leaving a balance of $1,381.04 in outstanding fees for collection

3

efforts." (*Id.*).

Also included in Administrative Costs "is a penalty in the amount of $7,890.00, which was calculated at the rate of 6% per year from October 2017 through October 2022." (*Id.* at 5 (citing 31 U.S.C. §3717(e)(2) (providing that an agency "shall assess on a claim owed by a person . . . a penalty charge of not more than 6 percent a year for failure to pay a part of a debt more than 90 days past due")). Including this fee, the total in administrative costs comes to $9,201.20. (*Id.* at 6).

## II. DISCUSSION

The Court already found that default judgment is appropriate here. (Doc. 9 at 2–5). The issue that remains is the extent of the damages to be awarded.

Based on the Complaint, the Motion for Default Judgment, the present Motion, and attached evidence, the Government is entitled to recover, as detailed above, the principal on the debt, pre-judgment interest per the terms of the Note, and costs of court. *See, e.g., United States v. Garza*, No. 3:19-CV-0188-S, 2019 WL 4452147, at *4 (N.D. Tex. Aug. 22, 2019); *United States v. Texas*, 507 U.S. 529, 533 (1993) ("It is a longstanding rule that parties owing debts to the Federal Government must pay prejudgment interest where the underlying claim is a contractual obligation to pay money." (quotations omitted)).

However, the Government is not entitled to recover the requested administrative costs. First, under 31 U.S.C. §§ 3711(g)(6) and 3717(e)(1), a federal agency may charge an administrative fee sufficient to "cover the cost of processing and handling a delinquent claim." Although the United States attaches lists of the collection fees assessed by Performant and Pioneer, these lists provide no information

4

related to the nature of the charges. (Docs. 12-5, 12-6). For example, Performant charged a fee of $1,145.92 on June 25, 2019, and the only description is an undefined acronym: "DBJ." (Doc. 12-5 at 3). Pioneer provides similarly scant information. (Doc. 12-6 at 3 (showing that on June 2, 2020, under the undefined "Memo Code," "ADJ," Pioneer charged $75.63)). Generally, the lists of collection fees are just that, lists of fees. Absent any descriptor or justification for the charges, they appear arbitrary, and the Court is unable to determine how the fees "cover the cost of processing and handling a delinquent claim." 31 U.S.C. § 3717(e)(1).

Second, and more importantly, section 3717(e) does not apply here. Subsection (g) of the statute contains an important caveat to the mandate in subsection (e). Subsection (g) states that "[t]his section does not apply . . . if a statute, regulation required by statute, *loan agreement, or contract* prohibits charging interest or assessing charges or *explicitly fixes the interest or charges*." 31 U.S.C. § 3717(g) (emphasis added). In this case, the Note signed by Kingdom explicitly fixed both the interest rate for the loan and the charges that could be assessed for expenses incurred to collect, which are limited to "reasonable attorney's fees and costs." (Doc. 1-3). "This contractual agreement fixing debt collection costs in the event of a default negates the operation of section 3717(e)." *U.S. Small Bus. Admin. v. Branson Properties, LC*, No. 215CV00656, 2016 WL 6902123, at *2 (D. Utah Nov. 23, 2016); *See United States v. Spann*, 797 F. Supp. 980, 983 (S.D. Fla. 1992) (holding that where a loan agreement contained a clause requiring the borrower "to pay 'all attorney's fees and other costs and charges necessary for the collection of any amount not paid when due,'" the

agreement did "not fall within the friendly confines of section 3717(e), requiring the government to recover its costs and attorneys' fees in accordance with the loan's collection clause."). The Court finds that Kingdom should be held to the terms of its agreement, but not more.

The United States, however, has presented no evidence to support an award of "reasonable attorney's fees and costs" associated with collecting the debt pursuant to the terms of the Note. It has not presented an accounting of the reasonable attorney time expended in obtaining a default judgment, the reasonable value of this time, or, as explained above with respect to the arbitrary private collection agency fees, any other reasonable costs associated with collecting the amount due on the loan. Instead, the United States seeks administrative costs in the amount of $9,201.20 on a loan for $26,300, representing approximately a 37% surcharge—an objectively enormous sum.[1] The Court, therefore, denies the request for entry of default on the requested $9,201.20 in administrative fees.

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** that the United States' Motion for Amended Default Judgment (Doc. 12) be and is hereby **GRANTED IN PART** and **DENIED IN PART**. The United States will be awarded a default judgment in the amount of $25,748.49 for the principal owed on the promissory note less payments. The United States will

---

[1] The United States initially sought even more, (see Doc. 12-1 at 4 ("In its complaint, the United States requested administrative costs of $10,003.61")), before inexplicably reducing the sum after receiving a "breakdown" of the fees from the agency, (Id.).

6

also be awarded pre-judgment interest in the amount of $2,992.58, costs in the amount of $402.00 under 28 U.S.C. § 1914(a) and 28 U.S.C. § 2412, and post-judgment interest at the rate provided by 28 U.S.C. § 1961. The United States' request for entry of a default for administrative fees in the amount of $9,201.20 be and is hereby **DENIED**.

An amended judgment shall issue separately.

Baton Rouge, Louisiana, this 25th day of September, 2024

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**